IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL LATTIMORE, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| RENT-A-TIRE/RENT-A-WHEEL, L.P., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Michael Lattimore ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Rent-A-Tire/ Rent-A-Wheel a Wheel, L.P., ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

Plaintiff brings this action to recover damages and other appropriate relief for Defendant's discrimination against him on the basis of religion, and retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

1

## **JURISDICTION AND VENUE**

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and pursuant to 42 U.S.C. § 2000e-5(f)(3).

2.

The unlawful employment practices alleged in this Complaint were committed within the state of Georgia and within this District. In accordance with 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff Michael Lattimore is a male citizen of the United States of America and a resident of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court for the claims asserted in this action.

6.

Defendant is now and, at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 29 U.S.C. §§ 2000e(b), (g) & (h), and has employed more than fifteen (15) persons for the requisite duration under Title VII.  Defendant is therefore covered under Title VII.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent's address: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC), on or about June 19, 2020.

9.

The EEOC issued a "Notice of Right to Sue" on or about June 26, 2020 entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

**FACTUAL ALLEGATIONS**

11.

Mr. Lattimore began his employment with Defendant on September 2, 2016 as a General Manager.

12.

On or about November 27, 2019 Plaintiff contacted his Human Resources Department and requested Saturdays off to observe the Sabbath as required by his religion.

13.

Plaintiff was told by HR to contact the District Manager, Jean Paul Malina, who told Plaintiff to give him time to find someone to replace him in his assigned

store. Plaintiff was persuaded by Defendant to remain in the General Manager position until a replacement was found.

14.

On or about January 6, 2020, Plaintiff again requested religious accommodation to observe the Sabbath and was told by Defendant that his request for time off was denied.

15.

Defendant terminated Plaintiff on February 26, 2020.

16.

Any reason(s) Defendant claim constitute legitimate, non-discriminatory reason(s) for its refusal to accommodate Plaintiff and terminating his employment is/are pretext for unlawful discrimination and retaliation, in violation of Title VII.

## **CLAIMS FOR RELIEF**

## **COUNTS I:**
## **RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

17.

Plaintiff re-alleges the preceding paragraphs as if set forth full herein.

18.

Defendant's actions in failing to accommodate Plaintiff and terminating his employment because of his religion practices and/or need for a religious accommodation constitute unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

19.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

20.

The effects of the practices complained of above have been to deprive Plaintiff of equal employment opportunities because of his religion.

21.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being and have caused his economic losses.

22.

Defendant, therefore, is liable for the damages caused proximately by its religious discrimination against Plaintiff.  Plaintiff has suffered, among other things, lost wages, and emotional distress.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

23.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

24.

Plaintiff's requests for religious accommodations constitute protected activity under Title VII.

25.

Defendant subjected Plaintiff to adverse actions (to wit, termination and refusing to accommodate Plaintiff because of his protected conduct). The adverse actions to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

26.

There was a causal connection between the protected conduct and the adverse actions.

27.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

28.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

29.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement, or front pay in lieu thereof, and any other relief available under the law.

WHEREFORE, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorneys' fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)   All other relief to which Plaintiff may be entitled.

Respectfully submitted, this 21st day of September, 2020.

**BARRETT & FARAHANY**

/s/ Nikeisha A. Bradley
Nikeisha A. Bradley
Georgia Bar No. 468749
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(470) 284-7265
(404) 214-0125 facsimile
Nikki@justiceatwork.com